THE STATE OF NEW JERSEY, PLAINTIFF, v. DAVID SABA
AND JOHN SABA, DEFENDANTS.

Argued June 7, 1922—Decided November 8, 1922.

The grand jury for the county of Sussex found an indictment (drawn
in the customary form) against D. S. and J. S. and thirteen
others for the murder of T. D. S. and J. S. pleaded not guilty
and then applied for and obtained a writ of *certiorari* removing
the indictment to this court. Upon a stipulation entered into
between the prosecutor of the pleas of the county of Sussex and
counsel for D. S. and J. S., setting forth facts outside of the
indictment and record, this court is asked in advance of trial to
determine certain debatable questions which may arise at the
trial. *Held,* that a writ of *certiorari* will not be entertained for
the purpose of raising and deciding, in advance of trial, questions
not appearing upon the face of the indictment and submitted for
the determination of the court under a stipulation of facts.

On *certiorari* from the Sussex County Oyer and Terminer.

Before Justices BLACK and KATZENBACH.

For the writ, *Morris & Downing,* and *Levi H. Morris,* of
counsel.

For the state, *contra, Lewis Van Blarcom,* prosecutor of
the pleas.

The opinion of the court was delivered by

KATZENBACH, J. The record before us contains an indict-
ment found by the grand jury of the county of Sussex, at
the December term, 1921, charging David Saba and John
Saba and thirteen other persons with the murder, on June
14th, 1921, of one Albert Koster. The writ of *certiorari*
was allowed upon the application of David Saba and John
Saba. The record contains a stipulation or statement of
facts agreed to by the prosecutor of the pleas of Sussex
county and the attorneys of the Sabas. This stipulation

recites that David Saba and John Saba have entered a plea of not guilty to the indictment for murder; that they have also been indicted for robbery and have not pleaded to that indictment; that the contention of the state is that the two defendants mentioned procured and counseled one Turco to come from the State of Pennsylvania into the State of New Jersey for the purpose of committing a robbery, and that in the commission of this robbery Turco committed murder; that the state contends that in procuring and counseling Turco to commit this act the defendants mentioned became principals in the crime and equally guilty with Turco for the acts of Turco; that the defendants contend that they did not procure and counsel Turco to come into the state for the purpose aforesaid, but if they did do so they were not guilty as principals in the crime, but were guilty as accessories before the fact. It is further stipulated that the defendants were not actually present in the county of Sussex at the time and place where the robbery and murder were committed, and that the state has no evidence as to whether these defendants have actually entered the State of New Jersey in procuring and counseling Turco to come into the State of New Jersey for the purpose of committing the robbery; that the defendants insist that in view of the fact that they never came into the State of New Jersey, inciting, procuring and counseling Turco to commit the robbery, that they cannot be tried in the State of New Jersey; that the declared purpose of bringing the indictment, together with the stipulation referred to into this court, is for the purpose of having determined in advance of the trial whether under the stipulated facts these defendants can be indicted for murder as principals, and whether or not they can be tried in the State of New Jersey for inciting, procuring and counseling Turco in the State of Pennsylvania to commit a crime which was committed in the State of New Jersey when these defendants were not within the State of New Jersey.

The procedure which has been taken in this case is an unusual one. There are numerous cases in this court where those indicted have received permission to withdraw their

pleas of not guilty in order to make an application for a writ
of *certiorari* to remove the indictment to this court for the
purpose of moving to quash the indictment. In the present
case the pleas entered in the Sussex Oyer and Terminer to
the indictment still stand, and no motion to quash the in-
dictment has been made in this court. In our opinion the
present proceeding by *certiorari,* to secure in advance an
adjudication from this court of the questions which may
arise in the trial of this indictment, cannot be maintained.
We know of no case which upholds such a course. Where
an indictment is removed to the Supreme Court by *cer-
tiorari* for the purpose of making a motion to quash the in-
dictment, a motion to that effect will not be considered
unless the indictment on its face appears incapable of sup-
porting a judgment of conviction. The indictment in this
case is the customary indictment for murder. It, of course,
is capable of supporting a judgment of conviction. Where
it is necessary, for the purpose of obtaining the relief sought
for, to prove facts outside of the indictment and caption, the
remedy by *certiorari* is unavailing.

In the case of *State* v. *Bowman,* 82 *N. J. L.* 210, an ap-
plication was made to this court for a writ of *certiorari* to
remove to this court an indictment, an order under which a
special term of the Atlantic County Court of Oyer and Ter-
miner was held, an order disqualifying the sheriff from select-
ing the grand jury, and an order appointing elisors to select
and summon a grand jury which had indicted the defendant.
It was then proposed to move to quash the indictment upon
these extraneous matters. In disposing of this question, Mr.
Justice Garrison held that a writ of *certiorari* would not be
allowed for the purpose of entertaining a motion to quash
based upon grounds extraneous to the indictment. In sup-
port of this decision he cited the case of *State* v. *Rickey,* 9
*Id.* 293.

In the case of *State* v. *Riggs,* 91 *N. J. L.* 457, Mr. Justice
Bergen refused to consider, in a motion to quash the indict-
ment, two grounds alleged, which were extraneous to the in-
dictment, namely, that the grand jury had been illegally

summoned and that the grand jury was not an impartial one. While in that case the indictment was quashed, it was upon the sole ground that it was incapable of supporting a judgment of conviction.

In the present case the questions which we are asked to decide in advance of trial are questions outside of the indictment and raised by the stipulation of facts referred to. In the case of *State* v. *Bowman, supra,* Mr. Justice Garrison stated very clearly why one under indictment should not be permitted to have in advance the judgment of this court upon debatable questions that may be presented by the facts of the particular case. He used the following language:

"If one defendant under indictment may thus take in advance the judgment of this court upon debatable questions that may arise at the trial or upon motions or pleadings in the trial court, all defendants may do so under like circumstances, else justice is not administered without respect to persons; and if all may do so, the allowance of our writ and its prosecution in this court and the Court of Errors and Appeals will mean a delay of from one to two years between the presentment of an indictment and its trial in cases where the contentions of the defendant were not well founded, which would quite often be the case in view of the delay thus obtainable, and the fact that sound discretion in the allowance of our writ could not be exercised, as it is upon matters that are spread upon the face of the indictment.

"Public policy admonishes us against setting on foot a procedure having such possibilities—not to say probabilities."

In our opinion, the writ of *certiorari* in this case should be dismissed, and if it brought the indictment and record to this court, so far as the defendants, David Saba and John Saba, are concerned, the record should be remitted forthwith to the Sussex County Court of Oyer and Terminer.